IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARNEST K., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 24-cv-00486-SH |
| FRANK BISIGNANO,[1] Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Earnest K. seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 402–434, 1381–1383f. In accordance with 28 U.S.C. § 636(c), the parties have consented to proceed before a United States Magistrate Judge. For the reasons explained below, the Court reverses and remands the Commissioner's decision.

I.  **Disability Determination and Standard of Review**

Under the Act, a "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also id.* § 1382c(a)(3)(A) (regarding disabled individuals). The impairment(s) must be "of such severity that [the claimant] is not only unable to do his previous work but cannot,

---

[1] Effective May 7, 2025, pursuant to Fed. R. Civ. P. 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of 42 U.S.C. § 405(g).

1

considering his age, education, and work experience, engage in any other kinds of substantial gainful work which exists in the national economy . . . ." *Id.* §§ 423(d)(2)(A), 1382c(a)(3)(B).

Social Security regulations implement a five-step sequential process to evaluate disability claims. 20 C.F.R. § 404.1520.[2] To determine whether a claimant is disabled, the Commissioner inquires into: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant suffers from a severe medically determinable impairment(s); (3) whether the impairment(s) meets or equals a listed impairment from 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the claimant can still do his past relevant work; and (5) considering the RFC and other factors, whether the claimant can perform other work. *Id.* § 404.1520(a)(4)(i)–(v). Generally, the claimant bears the burden of proof for the first four steps. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At the fifth step, the burden shifts to the Commissioner to provide evidence that other work the claimant can do exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).[3] "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

Judicial review of the Commissioner's final decision is limited to determining whether the Commissioner has applied the correct legal standards and whether the

---

[2] *See generally* 20 C.F.R. § 416.920 for Title XVI. Where possible, the body of this opinion will reference the Title II regulations and provide, the first time mentioned, a parallel citation to Title XVI.

[3] *See generally* 20 C.F.R. § 416.960 for Title XVI.

decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). The "threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). It is more than a scintilla but means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met," *Grogan*, 399 F.3d at 1262, but it will neither reweigh the evidence nor substitute its judgment for that of the Commissioner, *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). Even if the court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II. Background and Procedural History

In November of 2022, Plaintiff applied for Title II and XVI disability benefits. (R. 230–36.) Plaintiff alleged that he had been unable to work since March 15, 2022 due to back problems, nerve issues, gout, diabetes, high blood pressure, restless leg syndrome, legionnaire's pneumonia, heart attack, and MRSA. (R. 230, 233, 290.) Plaintiff was 43 years old on his date last insured, and 44 years old at the time of the ALJ's decision. (R. 23, 40, 233.) While there is some ambiguity in the record as to Plaintiff's education, he completed either the 9th (R. 74) or the 12th grade (R. 291) and has past relevant work as a tractor-trailer truck driver and heavy equipment operator. (R. 59, 281.)

Plaintiff's claim was denied initially and on reconsideration. (R. 132–143, 147–154.) Plaintiff requested a hearing before an ALJ, which was conducted on March 25, 2024. (R. 48–86, 155–157.) The ALJ issued a decision on May 2, 2024, denying benefits

and finding Plaintiff not disabled. (R. 21–40.) The Appeals Council denied review on August 28, 2024 (R. 7–13), rendering the Commissioner's decision final. 20 C.F.R. § 404.981.[4]  Plaintiff now appeals.

III. **The ALJ's Decision**

In her decision, the ALJ found that Plaintiff met the insured requirements for Title II purposes through March 31, 2023. (R. 23.) The ALJ then found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 15, 2022. *Id*. At step two, the ALJ found Plaintiff to have the following severe impairments: (1) degenerative disc disease of the lumbar spine, (2) chronic obstructive pulmonary disease, (3) diabetes with neuropathy, (4) congestive heart failure but normal left ventricle ejection fraction, (5) acute myocardial infarction non ST elevation, (6) peripheral vascular disease, (7) arthralgia of right wrist, and (8) obesity. (R. 24–26.) At step three, the ALJ found Plaintiff's impairments did not meet or equal a listed impairment. (R. 26–28.)

The ALJ then determined Plaintiff had the RFC for light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with numerous additional physical limitations. (R. 28.) The ALJ provided a recitation of the evidence that went into this finding. (R. 28–38.) At step four, the ALJ found Plaintiff unable to perform his past relevant work. (R. 38.) Based on the testimony of a vocational expert ("VE"), however, the ALJ found at step five that Plaintiff could perform other work that existed in significant numbers in the national economy, such as small product assembler, housekeeping cleaner, collator

---

[4] *See generally* 20 C.F.R. § 416.1481 for Title XVI.

4

operator, routing clerk, document preparer, and addresser. (R. 39–40.) Accordingly, the ALJ concluded Plaintiff was not disabled. (R. 40.)

IV. **Issues**

Plaintiff raises multiple errors on appeal, arguing—(1) the ALJ engaged in improper picking and choosing in determining the RFC (Dkt. No. 18 at 9–12); (2) the RFC failed to account for various limitations caused by his impairments (*id.* at 12–13); (3) the ALJ improperly rejected the opinion of Shounda Turley, APRN (*id.* at 13–14); (4) the ALJ improperly analyzed Plaintiff's subjective symptom complaints (*id.* at 10, 14); and (5) because the RFC was improper, the ALJ failed to meet her step-five burden (*id.* at 15).

The Court finds the ALJ erred in improper picking and choosing and does not reach Plaintiff's other arguments.

V. **Analysis**

Plaintiff argues that the ALJ highlighted various medical examinations that supported a less restrictive RFC, while ignoring—or even misrepresenting—contrary evidence in the record. (Dkt. No. 18 at 9–12.) While the Court does not countenance all of Plaintiff's arguments, the Court agrees that the ALJ engaged in improper picking and choosing, resulting in an RFC that was not supported by substantial evidence. In particular, the ALJ misrepresented the record as to Plaintiff's "normal gait" and spinal abnormalities and ignored significantly probative evidence she apparently rejected as to Plaintiff's weakness.

A. **RFC Considerations—Generally**

To proceed to steps four and five of the sequential evaluation, the ALJ must first determine a claimant's RFC. That is, a claimant may have impairments and related symptoms, and those symptoms may cause physical or mental limitations that affect what

the claimant can do in a work setting. 20 C.F.R. § 404.1545(a)(1).[5] The claimant's RFC is what's left—"the most [the claimant] can still do despite [his] limitations." *Id*. The Commissioner makes this decision based on "all the relevant medical and other evidence" in the case record. *Id*. § 404.1520(e).

In assessing the RFC, the ALJ must include "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence" and must "explain how any material inconsistencies or ambiguities in the evidence . . . were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). Categories of evidence include (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) certain prior administrative medical findings. 20 C.F.R. § 404.1513(a).[6] While the ALJ considers medical (and non-medical) evidence, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004).

## B. Picking & Choosing

"The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). "Rather, in addition to discussing the evidence supporting [her] decision, the ALJ also must discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects." *Id.* at 1010.

---

[5] *See generally* 20 C.F.R. § 416.945 for Title XVI.
[6] *See generally* 20 C.F.R. § 416.913 for Title XVI.

An ALJ further commits error when she has "mischaracterize[s] or downplay[s] the severity of some evidence to support [an] adverse credibility finding, without considering other probative evidence that tends to support [the claimant's] allegations of pain and limited functioning." *See Kellams v. Berryhill*, 696 F. App'x 909, 912 (10th Cir. 2017).

### C. Picking and Choosing Led to an RFC Lacking Evidentiary Support

After reviewing the record, the ALJ found Plaintiff had the RFC to perform light work, with additional limitations, including that

> The claimant can occasionally climb ramps and stairs; never climb ladders, ropes, and scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl . . . .

(R. 28.) Under the regulations,

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities . . . .

20 C.F.R. § 404.1567.[7]

In coming to this RFC, the ALJ rejected Plaintiff subjective complaints that his legs give out, he can only stand for 20 to 30 minutes at a time, and he can stand or walk only three to four hour hours in a workday. (R. 29.) The ALJ also rejected a medical opinion that Plaintiff could stand or walk only 2 hours in a workday and could not use his feet for foot controls. (R. 36.) Throughout the decision, and in rejecting the medical opinion, the ALJ repeatedly noted exams where Plaintiff's gait was "normal." (R. 32 (citing Ex.

---

[7] *See generally* 20 C.F.R. § 416.967 for Title XVI.

25/100, 25/22, R. 1512, 1590); R. 36 (citing Ex. 21F/1, R. 1454).) The ALJ apparently believed that this was indicative of the record as a whole, elsewhere noting that "all examinations describe the claimant walk[ing] with a normal gait." (R. 35 (citing Ex. 23F/2, 23F/9, 25F/100—01, R. 1466, 1473,[8] 1590-91).) But the record shows this is not true. Plaintiff was observed to have an arthralgic, antalgic, or limping gait on multiple occasions from July 2022 through May 2024. (*See* R. 96, 1277,[9] 1303, 1307,[10] 1473.[11]) The Commissioner does not address this contradiction, merely noting that there is "no reason to assume" the ALJ did not consider the entire record. (Dkt. No. 22 at 5.) The undersigned cannot square this with the ALJ's own statement that all examinations showed a normal gait. The ALJ either overlooked or mischaracterized evidence that supported a contrary RFC, and this was reversible error. *See Kellams*, 696 F. App'x at 912.

The ALJ committed a similar error, if to a lesser extent, in her consideration of Plaintiff's leg weakness. The ALJ found Nurse Turley's opinion inconsistent with record evidence, citing one 2023 examination that showed no weakness in Plaintiff's legs. (R. 36 (citing Ex. 21F/2, R. 1455).) The ALJ never discussed the physical therapy records from around the same time, where Plaintiff's strength measurements showed bilateral decreased strength at the hips and knees, with several defects noted in his gait, and Plaintiff was assessed with decreased range of motion, strength, and stability. (R. 1645–46; *see also* R.1653–55 (by January 19, 2024, visit, Plaintiff was still having difficulty

---

[8] This record actually notes a "Mild limping gait." (R. 1473.)
[9] This record is repeated again at R. 1587.
[10] This record is repeated at R. 1617.
[11] This record is repeated again at R. 1501

standing and was still working toward goals of normalized gait pattern and increased strength).) *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) ("It is improper for the ALJ to pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").

The ALJ further misstated the record when describing a physical examination of Plaintiff in May 2023. (R. 34 (citing Ex. 12F/18—19, R. 1482—83).) The ALJ characterized the exam as revealing "no abnormalities in the lumbar or lumbosacral spine," when the exam record actually noted, "[l]umbar/lumbosacral spine exhibited abnormalities." (*Compare* R. 34 *with* R. 1482.)

Collectively, the ALJ presented a decidedly one-sided version of the evidence in the record, sometimes misstating the record. This is not a case where the ALJ may not have cited every piece of the record but accurately noted the type of significant negative evidence she was rejecting. The Court cannot follow the ALJ's reasoning in conducting its review. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal."). It is not even clear the ALJ considered all of the evidence, given the misstatements in her decision. The misstated, omitted evidence further goes directly to limitations in the RFC, including Plaintiff's ability to perform light work. (*See, e.g.,* R. 82 (VE testimony noting that a limitation to standing or walking two hours in a workday would eliminate all jobs in the national economy).)

This error is not harmless. As the Tenth Circuit has noted, "to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative

action." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Even had the ALJ considered all this evidence (albeit improperly), the undersigned cannot confidently state that no other reasonable factfinder could have resolved the matter differently (i.e., no other factfinder could have found Plaintiff more limited than the RFC for light work). *Id*.

The ALJ's decision must be reversed.

**VI.**    **Conclusion**

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is REVERSED AND REMANDED for proceedings consistent with this Opinion and Order.

SO ORDERED this 5th day of March, 2026.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT